UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| J. DOE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 5:24-cv-00574 - LCB |
| ) | |
| MICHAEL LEE MCGINNIS, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

## MEMORANDUM OPINION & ORDER

This matter is before the Court on Plaintiff J. Doe's request for compensatory and punitive damages against Defendant Michael Lee McGinnis pursuant to 18 U.S.C. § 2255(a) and under Alabama law for assault and battery, invasion of privacy, and outrage. On July 12, 2024, the Court granted Plaintiff's Motion for Entry of Default against Defendant McGinnis due to his failure to plead or otherwise defend this action and directed judgment in favor of Plaintiff and against Defendant. (Doc. 10). On August 4, 2024, the Court held a hearing to assess damages and a default judgment against Defendant McGinnis. During the hearing, Plaintiff submitted evidence in the form of witness testimony and exhibits in support of his request for default judgment and damages against Defendant McGinnis pursuant to his 18

U.S.C. § 2255 claim and his state law claims of assault and battery, invasion of privacy, and outrage.

## I. Background

The Court makes the following findings. According to evidence presented, when Plaintiff was only fourteen (14) years old, Defendant Michael Lee McGinnis began grooming and sexually harassing the minor Plaintiff by communicating with Plaintiff via cloud-based services or apps, including Snapchat and Grindr. Defendant provided candy, alcohol, electronic cigarettes, and illegal drugs to the Plaintiff as a minor. Eventually, Defendant McGinnis sexually abused Plaintiff at various locations, including Defendant McGinnis's apartment and a park.

During the time he sexually abused the underage Plaintiff, Defendant McGinnis requested, received, and possessed sexually explicit images of the Plaintiff using a cloud-based app on his electronic device.

Defendant McGinnis's exploitation of Plaintiff continued until he was arrested by the Cullman County Police Department in connection with his sexual exploitation and sexual abuse of Plaintiff. In 2021, Defendant McGinnis was arrested in Cullman County, Alabama, and charged with 18 counts of child pornography in violation of the Alabama child pornography statute, Ala. Code § 13A-12-192(B), for receiving and possessing images, including of Plaintiff, engaged in sexually explicit conduct as a minor child. Defendant McGinnis was also charged

with additional felonies in connection with his sexual exploitation and sexual abuse of the minor Plaintiff, namely, Ala. Code §§ 13A-6-124, 13A-6-122, 13A-6-64(a)(1), and 13A-6-69.

On May 18, 2022, in the criminal cases, *State of Alabama v. Michael Lee McGinnis*, 25-CC-2021-000962 and 25-CC-2022-049, Defendant McGinnis was convicted in the Circuit Court of Cullman County, Alabama, of eighteen (18) felony counts for possessing images of child pornography in violation of Ala. Code § 13A-12-192(B), and one felony count for traveling to meet Plaintiff, a child, to engage in an unlawful sex act in violation of Ala. Code § 13A-6-124.

## II. Legal Standard

Section 2255 provides a civil cause of action to:

> Any person who, while a minor, was a victim of a violation of section 1589, 1590, 1591, 2241(c), 2242, 2243, 2251, 2251A, 2252, 2252A, 2260, 2421, 2422, or 2423 of this title and who suffers personal injury as a result of such violation, regardless of whether the injury occurred while such person was a minor[.]

18 U.S.C. § 2255(a). A violation of 18 U.S.C. § 2255 entitles individuals covered by the statute to

> recover the actual damages such person sustains or liquidated damages in the amount of $150,000, and the cost of the action, including reasonable attorney's fees and other litigation costs reasonably incurred. The court may also award punitive damages and such other preliminary and equitable relief as the court determines to be appropriate.

*Id*.

Alabama law defines "assault" as "an *intentional,* unlawful, offer to touch the person of another in a rude or angry manner under such circumstances as to create in the mind of the party alleging the assault a well-founded fear of an imminent battery, coupled with the apparent present ability to effectuate the attempt, if not prevented." *Wood v. Cowart Enters., Inc.*, 809 So. 2d 835, 837 (Ala. Civ. App. 2001) (emphasis in original) (internal quotation marks omitted). To prove battery in a civil case, a plaintiff must prove "(1) that the defendant touched the plaintiff; (2) that the defendant *intended* to touch the plaintiff; and (3) that the touching was conducted in a harmful or offensive manner." *Id*. (emphasis in original).

"To succeed on a claim alleging invasion of privacy relating to sexual harassment, a plaintiff must show: (1) that the matters intruded into are of a private nature; and (2) that the intrusion would be so offensive or objectionable that a reasonable person subjected to it would experience outrage, mental suffering, shame, or humiliation." *Ex parte Atmore Cmty. Hosp.*, 719 So. 2d 1190, 1194 (Ala. 1998).

To prove outrage, the plaintiff must show the defendant "(1) was intentional or reckless; (2) was extreme and outrageous; and (3) caused emotional distress so severe that no reasonable person could be expected to endure it." *Harrelson v. R.J.*, 882 So. 2d 317, 322 (Ala. 2003) (internal quotation marks omitted).

"Compensatory damages 'are intended to redress the concrete loss that the plaintiff has suffered by reason of the defendant's wrongful conduct.'" *State Farm*

4

*Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 416 (2003) (quoting *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424, 432 (2001)). "Punitive damages … 'are aimed at deterrence and retribution': to deter the defendant and others from this type of conduct and to punish the defendant for his particular wrongful conduct." *Williams v. First Advantage LNS Screening Sols. Inc.*, 947 F.3d 735, 746 (11th Cir. 2020) (quoting *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 416 (2003)).

The United States Supreme Court has established three "guideposts" for courts to consider in determining the reasonableness of a punitive damages award: "(1) the degree of reprehensibility of the defendant's misconduct; (2) the disparity between the actual or potential harm suffered by the plaintiff and the punitive damages award; and (3) the difference between the punitive damages awarded by the [fact-finder] and the civil penalties authorized or imposed in comparable cases." *Campbell*, 538 U.S. at 418 (citing *BMW of North America, Inc. v. Gore*, 517 U.S. 559, 575 (1996)). In applying guideposts, "courts should also consider whether the amount of punitive damages serves the interests of deterrence." *U.S. Equal Emp't Opp. Com. v. W O*, 213 F.3d 600, 614 (11th Cir. 2000).

"The precise award in any case … must be based upon the facts and circumstances of the defendant's conduct and the harm to the plaintiff." *Campbell*, 538 U.S. at 425. "[C]ourts must ensure that the measure of punishment is both

5

reasonable and proportionate to the amount of harm to the plaintiff and to the general damages recovered." *Id*. at 426.

## III. Conclusion

Having carefully reviewed the submitted evidence and the applicable law, the Court grants Final Default Judgment in favor of Plaintiff J. Doe and against Defendant Michael Lee McGinnis on all claims. The Court awards the Plaintiff the sum of **One Million Dollars ($1,000,000.00)** in compensatory damages and the sum of **One Million Dollars ($1,000,000.00)** in punitive damages against Defendant McGinnis. Plaintiff's true identity was provided to the Court during the damages hearing and is sealed from the public record.

**DONE** and **ORDERED** August 12, 2025.

_____
**LILES C. BURKE**
UNITED STATES DISTRICT JUDGE